**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| LAVINO HORNE,<br><br>Petitioner,<br><br>v.<br><br>BRETT COBBLE,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:24-cv-02781-TLP-tmp |

---

**ORDER GRANTING MOTION TO DISMISS, DISMISSING THE PETITION WITH PREJUDICE, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS**

---

In October 2024, Petitioner Lavino Horne petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) The Court directed Respondent Brett Cobble to respond and file the complete state-court record. (ECF No. 8 at PageID 60.)

On October 20, 2025, Respondent moved to dismiss the Petition arguing that it was barred by the one-year habeas limitations period and procedurally defaulted. (ECF No. 15.) And he moved to waive the filing of the complete state-court record. (ECF No. 16.) The Court granted Respondent's motion to waive the filing of the complete state-court record. (ECF No. 18.) And it granted Petitioner's motion for an extension of time to respond to the Motion to Dismiss ("MTD"). (ECF No. 19.) Petitioner responded to the MTD in December 2025. (ECF No. 20.)

For the reasons below the Court **GRANTS** the MTD (ECF No. 15) and **DISMISSES** the Petition (ECF No. 1) as time-barred.

## STATE-COURT PROCEDURAL HISTORY

### I. Trial

A Shelby County Grand Jury indicted Petitioner and two co-defendants "with one count of premeditated murder, one count of felony murder, and one count of especially aggravated robbery." *State of Tennessee v. McClain*, No. W2013-00328-CCA-R3-CD, 2014 WL 4754531, at *1 (Tenn. Crim. App. Sept. 24, 2014) ("*Horne I*"), *perm. app. denied* (Tenn. Jan. 15, 2015). A jury returned a guilty verdict for all defendants. *Id.* "The trial court merged the felony murder conviction with the premeditated murder conviction for each defendant and sentenced all three defendants to life in prison for first-degree murder and 25 years for especially aggravated robbery. The trial court ordered the sentences to be served concurrently." *Id.*

### II. Direct Appeal

On appeal, Petitioner and one of his co-defendants contended that "the trial court erred by failing to sever their cases. All three defendants contend[ed] that the evidence was insufficient to support their convictions." *Id*. Petitioner's two co-defendants also asserted separate arguments, such as trial court error in evidentiary rulings and prejudice from the State's use of a hypothetical during voir dire. *Id*. On September 24, 2014, the Tennessee Court of Criminal Appeals ("TCCA") affirmed the judgments of the trial court. *Id*. at *1, *12. Petitioner and his co-defendants sought discretionary review from the Tennessee Supreme Court ("TSC"), which denied review on January 15, 2015. (ECF No. 15-2 at PageID 97.)

### III. Post-Conviction Proceedings

In February 2016, Petitioner petitioned pro se for post-conviction relief in state court (ECF No. 15-3 at PageID 98–115 ("PCR Petition"); *see Horne v. State*, No. W2023-00675-

CCA-R3-PC, 2024 WL 1435033, at *1 (Tenn. Crim. App. Apr. 3, 2024) ("*Horne II*"), *perm. app. denied* (Tenn. Aug. 14, 2024).)

Under Tennessee Supreme Court Rule 28, § 2(G), Tennessee has a prison mailbox rule for post-conviction cases in some cases. Section 2(G) provides, if a pro se petitioner's petition is not received by the clerk timely, "filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. S. Ct. R. 28, § 2(G).

"Petitioner's untimely pro se petition for post-conviction relief was filed on February 8, 2016, which indicated that he delivered it to prison authorities for mailing on February 1, 2016." *Horne II*, 2024 WL 1435033, at *1. Under Tennessee law, Petitioner had until January 15, 2016—one year from the TSC's denial of discretionary review on direct appeal—to file his PCR Petition. (ECF No. 15-2 at PageID 97; *see* Tenn. Code Ann. § 40-30-102(a).[1])

The State moved to dismiss the PCR Petition, arguing that it was filed beyond Tennessee's one-year statute of limitations for post-conviction petitions. (ECF No. 15-4 at PageID 116–17.) "At the January 11, 2019[,] hearing on the State's motion to dismiss the petition, Petitioner did not dispute that his petition was untimely." *Horne II*, 2024 WL 1435033, at *1. "He agreed that his Rule 11 application to the Tennessee Supreme Court was denied on January 15, 2015, the mandate was issued on January 20, 2015, and his petition was not filed

---

[1] Tenn. Code Ann. § 40-30-102(a) states as follows:

> Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. . . .

until February 8, 2016." *Id*. But the post-conviction trial court denied the State's motion to dismiss and granted Petitioner equitable tolling of Tennessee's post-conviction statute of limitations. (ECF No. 15-5 at PageID 118–19.)

Next, the post-conviction trial court denied the PCR Petition on the merits. *Horne II*, 2024 WL 1435033, at *6 ("The post-conviction court denied Petitioner's post-conviction petition, finding that trial counsel was deficient but that Petitioner failed to prove that he was prejudiced and 'that the mandatory life sentence imposed violated Petitioner's Eighth Amendment rights against cruel and unusual punishment but denie[d] the Petitioner a sentencing hearing pursuant to the ruling in *State of Tennessee v. Booker*, [656 S.W.3d 49 (Tenn. 2022)].'").

On April 3, 2024, the TCCA reversed the trial court's denial of the State's motion to dismiss, concluding that "there [were] insufficient facts in this case to justify due process tolling of the statute of limitations." *Horne II*, 2024 WL 1435033, at *8. Petitioner sought discretionary review from the TSC, which denied review on August 14, 2024. (ECF No. 15-6 at PageID 120.)

## THE § 2254 PETITION

On October 17, 2024, Petitioner petitioned here. (ECF No. 1.) The Clerk received the Petition that same day. (*Id*. at PageID 1.) Petitioner asserts four grounds for habeas relief. First, he argues for the timeliness of his Petition. (*Id*. at PageID 6–7.) Second, he asserts ineffective assistance of counsel ("IAC") "by [trial counsel] failing to attend an interrogation by the State." (*Id*. at PageID 8–9.) Third, he argues trial counsel's IAC by "[f]ailure to conduct investigation into alibi witnesses." (*Id*. at PageID 9–11.) Fourth, he asserts trial counsel's IAC "for failing to adequately assert and see through the motion to sever." (*Id*. at PageID 11–13).

Petitioner asks that this Court vacate his sentence and order a new trial or, in the alternative, order that he be resentenced. (*Id*. at PageID 16.)

## THE MOTION TO DISMISS

In the MTD, Respondent argues that the Petition is untimely. (ECF No. 15-1 at PageID 78–82.) And Respondent contends that the Court should not apply statutory or equitable tolling. (*Id*. at PageID 82–89.) Respondent asserts that, alternatively, the procedural default doctrine bars Petitioner's claims here. (*Id*. at PageID 89–94.)

In the Response, Petitioner argues that statutory tolling applies because the AEDPA's limitations period was tolled when he filed his PCR Petition on February 1, 2016. (ECF No. 20 at PageID 265–66.) And he asserts that, even if statutory tolling is inapplicable, "equitable tolling is warranted due to extraordinary circumstances and Petitioner's diligence." (*Id*. at PageID 266–68.) Finally, he argues that "none of the [habeas] claims are procedurally defaulted [because] [t]hey have been presented to the State courts for review." (*Id*. at PageID 268.)

## ANALYSIS

### I. The Petition Is Untimely

There is a one-year statute of limitations for petitioning for writ of habeas relief "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period here began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). State convictions ordinarily become "final" when the time expires for petitioning for a writ of certiorari from a decision of the highest state court on direct appeal. *See Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009).

The TCCA affirmed the judgment of the trial court on September 24, 2014. (*Horne I*, 2014 WL 4754531, at *1, *12.) And the TSC denied discretionary review on January 15, 2015. (ECF No. 15-2 at PageID 97.) Petitioner did not petition for a writ of certiorari in the United

States Supreme Court. (ECF No. 1 at PageID 4.) Petitioner's conviction became final, for purposes of 28 U.S.C. § 2244 (d)(1), following the ninety days during which he could have, but did not, seek discretionary review in the Supreme Court—*i.e.*, Wednesday, April 15, 2015. *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (holding that where petitioner does not seek certiorari review, judgment becomes final at "expiration of the time for seeking such review"); *see also* Sup. Ct. R. 13(1) (allowing petitioner ninety days from entry of the judgment or order sought to be reviewed to timely petition for certiorari). The running of the § 2254 limitations period started on Thursday, April 16, 2015. (*See* ECF No. 20 at PageID 265 ("Petitioner does not dispute that the AEDPA statute of limitations began to run on April 16, 2015").) Under § 2244(d)(1)(A), Petitioner had one year, or until Monday, April 18, 2016[2] to petition for federal habeas relief.

That said, the limitations period is tolled while a properly filed state petition for post-conviction or other collateral relief is pending. *See* 28 U.S.C. § 2244(d)(2). Because Petitioner waited until February 1, 2016 to file his PCR Petition, it was untimely. And so he did not "properly" file that petition. (*See* ECF No. 15-3 at PageID 105.)

The Supreme Court has addressed this issue. In *Pace v. DiGuglielmo*, the Supreme Court made clear that "[w]hen a postconviction petition is untimely under state law," it is not "properly filed" under 28 U.S.C. § 2244(d)(2) and "that [is] the end of the matter for purposes of § 2244(d)(2)." 544 U.S. 408, 414 (2005) (citation modified); *see also Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) ("Federal courts are obligated to accept as valid a state court's

---

[2] Because the last day of the limitations period fell on a weekend (*i.e.*, Saturday, April 16, 2016), the AEDPA clock expired the next business day (*i.e.*, Monday, April 18, 2016). *See* Fed. R. Civ. P. 6(a)(1)(C).

interpretation of state law and rules of practice of that state."); *Mitchell v. Locke*, No. 3:06-0100, 2006 WL 1875962, at *2 (M.D. Tenn. Jul. 5, 2006) (holding that the petitioner's post-conviction petition "had no tolling effect on the limitation period" after the TCCA determined that "the petition for state post-conviction relief had not been filed in a timely manner").

In Petitioner's case, the TCCA "conclude[d] that the [PCR Petition] was untimely and that Petitioner has not demonstrated that the statute of limitations should be tolled. . . . *See Horne II*, 2024 WL 1435033, at *8. The holding in *Pace* is clear and controls here. Petitioner's PCR Petition does not qualify as "a properly filed application for State post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2). As a result, Petitioner's judgment became final on April 15, 2015—*i.e.*, 90 days after the TSC denied discretionary review on direct appeal. (ECF No. 15-2 at PageID 97.) Without tolling under § 2244(d)(2), the federal habeas statute of limitations expired on April 18, 2016. Because he waited until October 17, 2024 to petition here, Petitioner's habeas petition here was untimely by about eight and a half years. (*See* ECF No. 1 at PageID 1.)

Petitioner argues that, because he filed his PCR Petition "on February 1, 2016[,] before the AEDPA limitations period expired," statutory tolling applies. (ECF No. 20 at PageID 266; *see also* ECF No. 1 at PageID 6.) Petitioner's contention is incorrect. He either misapprehends or overlooks the holding in *Pace*. Applied here, the Supreme Court's precedent in *Pace* means that the TCCA's dismissal of the PCR Petition on timeliness grounds is the "end of the matter for purposes of § 2244(d)(2)." *See Pace*, 544 U.S. at 414 (citation modified). Statutory tolling is unavailable to Petitioner.[3]

[3] "Petitioner's untimely pro se petition for post-conviction relief was filed on February 8, 2016, which indicated that he delivered it to prison authorities for mailing on February 1, 2016." *Horne II*, 2024 WL 1435033, at *1. Whether the Court should consider the PCR Petition filed

AEDPA's statute of limitations is "strict." *Stojetz v. Ishee*, 892 F.3d 175, 190 (6th Cir. 2018). "[T]he Sixth Circuit has cautioned that 'a court should not extend limitations by even a single day' unless there are 'compelling equitable considerations.'" *Dowlen v. Lebo*, No. 3:19-cv-0105, 2020 WL 5017169, at *3 (M.D. Tenn. Aug. 25, 2020) (quoting *Thomas v. Romanowski*, 362 Fed. App'x 452, 454 (6th Cir. 2010)). The Court must therefore dismiss the untimely Petition unless Petitioner demonstrates he is entitled to equitable tolling.

## II. Equitable Tolling Does Not Apply in Petitioner's Case

Petitioner argues that "even if statutory tolling does not apply, equitable tolling is warranted due to extraordinary circumstances and Petitioner's diligence." (ECF No. 20 at PageID 266.) He asserts that "his state lawyer's abandonment" qualifies as an extraordinary circumstance warranting the application of equitable tolling. (ECF No. 1-2 at PageID 35.) He contends that he had "been diligently pursuing justice and postconviction relief," and that "it was not until April 2024 that there was even a scintilla of an indication that Petitioner's state proceeding was untimely." (*Id*. at PageID 34.) Respondent counters that Petitioner fails to show either (1) extraordinary circumstances or (2) reasonable diligence for purposes of equitable tolling. (ECF No. 15-1 at PageID 82–89.)

To be sure, the one-year statute of limitations in § 2241 is not jurisdictional so it is subject to equitable tolling in extraordinary circumstances. *Holland v. Florida*, 560 U.S. 631,

---

on February 1, 2016 or on February 8, 2016 under Tennessee law does not affect the calculation of AEDPA's statute of limitations because Petitioner "conceded that his post-conviction petition was untimely filed." *See Horne II*, 2024 1435033, at *3. And the TCCA held that the PCR Petition did not warrant equitable tolling under state law. *Id*. at *8. The Court construes the record liberally in the light most favorable to Petitioner and treats the PCR Petition as having been filed on the day it was purportedly handed to prison officials—*i.e.*, February 1, 2016. (*See* ECF No. 15-3 at PageID 105.)

645 (2010); *Carlisle v. Burt*, No. 20-1983, 2021 WL 1400900, at *2 (6th Cir. Jan. 12, 2021). "The doctrine of equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). And "the doctrine of equitable tolling is used sparingly by federal courts." *Id.* at 784.

"The party seeking equitable tolling bears the burden of proving he is entitled to it." *Id.* Courts apply equitable tolling for petitioners who show "(1) 'that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649, 653 (quoting *Pace*, 544 U.S. at 418). To establish diligence, a petitioner must present evidence showing reasonable efforts to file his action timely. The Sixth Circuit has explained that "the statute of limitations may only be tolled where the circumstances are both beyond the petitioner's control and unavoidable even with due diligence." *Robinson v. Easterling*, 424 F. App'x 439, 442–43 (6th Cir. 2011) (internal quotation marks omitted).

For the reasons explained below, Petitioner does meet his burden of proving that he is entitled to equitable tolling.

**A. Petitioner Has Not Shown Extraordinary Circumstances**

Petitioner argues that he was "been diligently pursuing justice and postconviction relief," and that "it was not until April 2024 that there was even a scintilla of an indication that Petitioner's state proceeding was untimely." (ECF No. 1-2 at PageID 34.) He asserts that "his state lawyer's abandonment" qualifies as an extraordinary circumstance that warrants the application of equitable tolling. (*Id.* at PageID 35.) But these facts fall short of showing

"extraordinary circumstances" for purposes of equitable tolling of the AEDPA's statute of limitations applicable to the Petition.

First, these allegedly extraordinary circumstances ("AEC") relate to whether the Tennessee courts should have allowed equitable tolling for his PCR Petition under the Tennessee post-conviction petition statute of limitations. But he has not shown any reason for the Court to apply equitable tolling for AEDPA's statute of limitations for the Petition here. For example, he argues that "the trial court correctly determined that [Tennessee's post-conviction] statute of limitations should be tolled pursuant to *Williams v. State*, 44 S.W.3d 464, 469 (Tenn. 2001)." (ECF No. 1-2 at PageID 35.) According to Petitioner, he "did not understand that his counsel was no longer his counsel, and in the confines of prison, waited to hear something from his trial counsel about next steps. He wrote his counsel. He complained to the Board of Professional Responsibility. His counsel abandoned him (again)." (*Id*. at PageID 35–36.) Petitioner asserted these same AECs in his post-conviction appeal arguing that Tennessee's post-conviction statute of limitations should be equitably tolled under state law. He offers no facts or convincing arguments to persuade the Court that the AEC justify apply equitable tolling of the AEDPA's statute of limitations for the § 2254 Petition. (ECF No. 15-9 at PageID 160–61.)

Even if the Court were to consider the AEC for tolling purposes for the AEDPA's statute of limitations, Petitioner still comes up short in showing extraordinary circumstances. Petitioner's trial counsel, who also filed his direct appeal, sent "Petitioner a letter, dated February 9, 2015, indicating that trial counsel's representation of Petitioner had ended," following the TSC's denial of discretionary review on direct appeal. *See Horne II*, 2024 WL 1435033, at *2. "[I]n the letter, Petitioner's family was invited to pick up the transcripts and Petitioner's case file from trial counsel's office because they were too large to mail." *Id*. Petitioner wrote counsel

letters in September and October 2015 requesting the trial transcripts, and counsel sent him the transcripts in November 2015. *Id*. Counsel also received a letter from Petitioner on November 5, 2015, that "acknowledge[ed] that trial counsel had withdrawn from his case 'back in February[.]'" *Id*. In that letter:

> Petitioner also asked several questions about the next steps in his case such as going back to court to get new counsel appointed and filing something pro se. He also asked what his "next appeal" would be and the deadline for such an appeal. Trial counsel did not respond to the letter.

*Id*.

On that record, the TCCA determined that Petitioner did "not demonstrate that [he] was abandoned by trial counsel or that he diligently pursued his [PCR] [P]etition." *Id*. at *7.

> Although Petitioner wrote several letters to trial counsel, the B[oard] [of] P[rofessional] R[esponsibility], and the court clerk requesting help with his post-conviction proceedings, Petitioner was aware that he needed to file a post-conviction petition and that he had a deadline to do so. Petitioner admitted at the tolling hearing that he knew trial counsel had withdrawn from his case in February of 2015, after Petitioner's Rule 11 application to the supreme court was denied on January 15, 2015. Trial counsel's February 9, 2015[,] letter to Petitioner advised him that his application to appeal was denied by the supreme court and that trial counsel's representation had ended. While Petitioner testified that he did not receive trial counsel's letter, Petitioner's October 8, 2015[,] complaint to the BPR clearly indicated that Petitioner had in fact received trial counsel's letter. The February 9, 2015 letter further indicated that a family member could pick up Petitioner's file, which was "quite large and would be burdensome to mail[,]" from trial counsel's office and that Petitioner had been provided with discovery prior to his trial and that the only things Petitioner was missing were his "trial transcripts and record." Petitioner's trial transcripts and file were not picked up from trial counsel's office by any family member; however, trial counsel eventually mailed the materials to Petitioner following Petitioner's letter to the BPR requesting that they be sent to him. Petitioner admitted that he received his trial transcripts at least two months prior to the expiration of the statute of limitations.

*Id*. The TCCA concluded that "counsel in this case did not abandon Petitioner as Petitioner alleges in his brief. He complied with Tennessee Supreme Court Rule 14 by advising Petitioner

that Petitioner's case appeal to the supreme court had been denied, that his case had thus concluded, and that his representation had ended." *Id*. at *8 (citation omitted).

The TCCA's decision addresses equitable tolling for the PCR Petition under Tennessee's post-conviction statute of limitations. And the TCCA's opinion explains that Petitioner was aware that he could file a state post-conviction petition, that he had a deadline for that petition, and that his counsel's representation had ended as of February 9, 2015.

As explained above, with no statutory tolling available under § 2244(d)(2) in Petitioner's case, the AEDPA's statute of limitations did not begin to run until a few months later—on April 16, 2015. So when Petitioner handed his untimely PCR Petition to prison authorities on February 1, 2016, he still had ample time—until April 18, 2016—to petition for federal habeas relief. Petitioner's failure to meet the AEDPA's statute of limitations did not "unavoidably ar[ise] from circumstances" beyond his control. *See Keeling v. Warden, Lebanon Corr. Institution*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Robinson*, 424 F. App'x at 442). "Trial counsel in this case did not abandon Petitioner. . . ." *Horne II*, 2024 WL 1435033, at *8. And it was within Petitioner's control to file a federal habeas petition within the AEDPA's statute of limitations, even after the filing of his untimely PCR Petition.

For these reasons, Petitioner fails to show not only "extraordinary circumstances" under *Holland*, but also how his AEC caused him to file his federal habeas petition untimely.[4] *See*

[4] Petitioner seems to suggest that his ignorance of the law justifies why he did not file a protective federal habeas corpus petition before April 18, 2016. (ECF No. 1-2 at PageID 35–36; ECF No. 20 at PageID 267.) Petitioner's suggestion does not change the Court's conclusion that he fails to demonstrate extraordinary circumstances. "[A]n inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citations omitted).

*Edmonds v. White*, No. 17-5759, 2018 WL 3244014, at *2 (6th Cir. Feb. 1, 2018) ("[T]he petitioner must show that an extraordinary circumstance was the cause for the untimely filing").

**B. Petitioner Has Not Shown Reasonable Diligence**

Petitioner asserts that "it should be undisputed that [he] has been pursuing his rights diligently" and that he "was diligent." (ECF No. 1-2 at PageID 35; ECF No. 20 at PageID 267.) His assertions are conclusory rather than facts describing his efforts to pursue his federal habeas rights throughout the lengthy period for which he seeks equitable tolling. "[C]onclusory allegations" are not enough "to show [that a petitioner] diligently pursued his rights." *Ghee v. McAuliffe*, No. 9:23-CV-0505, 2024 WL 1558480, at *4 (N.D.N.Y. Apr. 10, 2024).

And although he asserts that "it was not until April 2024 that there was even a scintilla of an indication that Petitioner's state proceeding was untimely," the record makes clear that the PCR Petition's timeliness was at the forefront during the state post-conviction proceedings. (ECF No. 1-2 at PageID 34.) For example, the State moved to dismiss on timeliness grounds on February 13, 2017. (ECF No. 15-4 at PageID 116–17.) And when Petitioner responded to the State's motion to dismiss on February 23, 2017, he acknowledged that he filed the PCR Petition outside the one-year window of Tenn. Code Ann. §40-30-102(a). (ECF No. 15-8 at PageID 122.) The post-conviction trial court held a hearing on January 11, 2019, to consider equitable tolling under state law. (ECF No. 15-13 at PageID 173–258.) And Petitioner's October 20, 2023 brief during his post-conviction appeal included an argument addressing the tolling of Tennessee's post-conviction statute of limitations. (ECF No. 15-9 at PageID 160–61.)

The record contradicts Petitioner's contention that his PCR Petition's untimeliness was not a known issue until April 3, 2024, when the TCCA issued its opinion dismissing the PCR Petition as untimely. *See Horne II*, 2024 WL 1435033, at *8. In 2005, the Supreme Court

decided *Pace*, explaining that a petitioner could avoid the difficulty of a state post-conviction petition being considered improperly filed (and thus incapable of tolling the running of the AEDPA's limitations period) "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace*, 544 U.S. at 416 (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). This ruling provided Petitioner a clear path to preserve his rights and he failed to take diligent action for around eight and half years. A reasonably diligent petitioner would have filed a protective habeas petition many years earlier, when it was known that his PCR Petition was untimely under Tenn. Code Ann. § 40-30-102. In sum, Petitioner fails to demonstrate that he diligently pursued his habeas rights.

For the reasons explained above, Petitioner fails to show (1) that extraordinary circumstances prevented him from timely filing the Petition and (2) that he was reasonably diligent in pursuing his habeas rights.

**V. Actual Innocence**

Petitioner does not argue that he is actually innocent. Such an argument may excuse a petition's untimeliness. (*See* ECF Nos. 1, 1-2, 20.) In his MTD, Respondent notes that Petitioner is silent about a gateway claim of actual innocence and asserts that "such an argument would be futile given the overwhelming evidence of Petitioner's guilt, most notably his admission 'to police that he was present at the time of the shooting.'" (ECF No. 15-1 at PageID 82 (citing *Horne I*, 2014 WL 4754531, at *9).)

Actual innocence, if proved under the standard applied in *Schlup v. Delo*, 513 U.S. 298 (1995), serves as a gateway through which a petitioner may obtain review of his otherwise untimely claims. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To open the gateway, a

petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. He must also show that, given the new evidence, "it is more likely than not that no reasonable juror would have convicted him." *Id.* at 327.

The standard for gateway actual innocence claims is "demanding." *McQuiggin*, 569 U.S. at 386 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). "[T]enable actual-innocence gateway pleas are rare." *Id.* at 386, 394–95 (gateway actual innocence "applies to a severely confined category"); *see also Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005) ("[T]he actual innocence exception should remain rare and only be applied in the extraordinary case."). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

As noted above, Petitioner does not make a gateway actual innocence claim. (*See* ECF Nos. 1, 1-2, 20.) He does not assert his factual innocence. He presents no evidence that was not presented at trial. *See id*. He offers no "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *See McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

Because the Petition is untimely here and because Petitioner neither established an entitlement to equitable tolling nor advanced a getaway actual innocence claim, the Petition is time-barred.[5] The Court therefore **DISMISSES** the Petition **WITH PREJUDICE**.

## APPELLATE ISSUES

No § 2254 petitioner may appeal without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Dennis v. Burgess*, 131 F.4th 537, 539 (6th Cir. 2025). A petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). If the district court denies relief on a procedural ground without reaching the constitutional claim, a COA should issue when the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason would not debate the district court's resolution of Petitioner's claims, the Court **DENIES** a COA.

A party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). If the district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal in forma pauperis, the prisoner must move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P.

---

[5] Given that the Petition is time-barred, the Court need not and does not reach Respondent's alternative argument in the MTD about procedural default. (*See* ECF No. 15-1 at PageID 89–94.)

24(a)(4)–(5). For the same reasons the Court denies a COA, the Court **CERTIFIES** that any appeal would not be taken in good faith. And it **DENIES** leave to appeal in forma pauperis.[6]

**SO ORDERED**, this 2nd day of September, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

[6] If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or move to proceed in forma pauperis and supporting affidavit in the Sixth Circuit within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).